**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4316

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

CAMERON LEMAR FOX, a/k/a Killa,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:21-cr-00427-M-1)

Submitted:  January 16, 2025                  Decided:  February 26, 2025

Before THACKER and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:**  Janis R. Hall, Greenville, South Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cameron Lemar Fox pled guilty pursuant to a plea agreement to possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Fox to 96 months' imprisonment and 5 years of supervised release. On appeal, Fox's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as issues for review whether: Fox's guilty plea is valid; trial counsel rendered ineffective assistance; and the district court erred in determining the drug quantity and corresponding base offense level used in calculating Fox's advisory imprisonment range under the Sentencing Guidelines. Fox was informed of his right to file a pro se supplemental brief, but he has not done so. Invoking the appeal waiver in Fox's plea agreement, the Government moves to dismiss the appeal.

Before accepting a guilty plea,[1] the district court must conduct a plea colloquy during which it must inform the defendant of, and determine that the defendant understands, the rights he is relinquishing by pleading guilty, the charge to which he is pleading, and the penalties he faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea was voluntary and did not result from threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that a factual basis supports the plea, Fed. R. Crim. P. 11(b)(3). Because Fox did not seek to withdraw his guilty plea in the

---

[1] The appeal waiver the Government invokes does not prevent our consideration of the validity of Fox's guilty plea. *See United States v. Marsh*, 944 F.3d 524, 528 (4th Cir. 2019).

2

district court, we review the adequacy of the Fed. R. Crim. P. 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted).

Here, the record reveals that the district court complied with the requirements of Rule 11 in accepting Fox's guilty plea, ensured that Fox entered the plea knowingly and voluntarily and with an understanding of the consequences, and ensured that the plea was supported by an independent basis in fact. We thus discern no plain error warranting correction in the acceptance of Fox's guilty plea and conclude that his guilty plea is valid.

Turning to Fox's appeal waiver, we review its validity de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id.* To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). Generally, "if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted). Our review of the record confirms that Fox knowingly and voluntarily

3

waived his right to appeal his conviction and sentence, except based on claims of ineffective assistance of counsel and prosecutorial misconduct not known to him at the time of his guilty plea. We therefore conclude that the waiver is valid and enforceable and that the challenge raised by counsel to the district court's Guidelines calculation falls squarely within the scope of the appeal waiver.[2]

Next, Fox's counsel questions whether trial counsel rendered ineffective assistance. This court typically will not review a claim of ineffective assistance of counsel made on direct appeal, *United States v. Maynes*, 880 F.3d 110, 113 n.1 (4th Cir. 2018), "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record," *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). To demonstrate ineffective assistance of trial counsel, Fox must satisfy the two-part test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). He "must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Id.* at 687. After review, we conclude that ineffective assistance by trial counsel does not conclusively appear on the face of the record. This claim "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Faulls*, 821 F.3d at 508. We therefore decline to address this claim at this juncture.

In accordance with *Anders*, we also have reviewed the remainder of the record and have found no meritorious grounds for appeal. We therefore grant the Government's motion to dismiss the appeal in part and affirm in part. This court requires that counsel

---

[2] Fox's release from prison during the pendency of this appeal does not moot the sentencing challenge raised by counsel or prevent our review of the remainder of the record pursuant to *Anders*. *See United States v. Ketter*, 908 F.3d 61, 65-66 (4th Cir. 2018).

inform Fox, in writing, of the right to petition the Supreme Court of the United States for further review.  If Fox requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Fox.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*